IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| LAURENCE LOVEJOY, #N52404, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 19-cv-00969-NJR |
| JACQUELINE LASHBROOK, KIMBERLY BUTLER, JOHN BALDWIN, FRANK LAWRENCE,[1] CAMERON WATSON, SHERRY BENTON, TARA J. GOINS, M. PRICE, H. PRICE, KELLY PIERCE, LARISSA WANDRO, LORI OAKLEY, R. VALLEROY, J. CLENDENIN, DOUG LYERLA, and JOHN DOE, *personal property officer*, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Laurence Lovejoy, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Western Illinois Correctional Center ("Western"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights while at Western and Menard Correctional Center ("Menard"). He seeks monetary damages and injunctive relief.

---

[1] The Clerk of Court is DIRECTED to change the name of Defendant Frank Laurence to Frank Lawrence. (*See* Doc. 1, p. 1).

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Court must also consider whether any claims are improperly joined and subject to severance or dismissal. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

### THE COMPLAINT

Lovejoy makes the following allegations: While at Menard, on November 21, 2018, his cell was subjected to a shakedown and his television was confiscated in retaliation for filing grievance. (Doc. 1, p. 17). The shakedown slip that he was given recorded the wrong television—a different serial number and description than the television that belonged to him and was taken. (*Id.*). He filed a grievance, but Warden Lashbrook made the administrative remedies unavailable, depriving him of the right to access the grievance process. (*Id.* at p. 18).

On June 11, 2019, John Doe Correctional Officer working in personal property came into his cell and took all of his personal property, including legal materials and research, in retaliation for filing grievances and lawsuits about the conditions of his confinement. (Doc. 1, pp. 10-11). Because he is missing legal documents, he was hindered from participating in his other legal proceedings. (*Id.* at p. 11). At some point, he put in repeated requests for legal exchange, but was never called. (*Id.* at p. 12). After filing a grievance, he was scheduled for legal exchange, but discovered that some of his legal

documents were missing and his legal boxes were gone and replaced with cardboard boxes. (*Id.*). He filed a grievance in response, and the grievance was "signed off" by the Warden. (*Id.*).

Because he is indigent, Lovejoy requested from Warden Lashbrook two stamped envelopes so that he could write his family, but she told him no. (*Id.* at p. 13). Defendants have also refused to provide him with envelopes to send his legal mail to the administrative review board and to attorneys in order to try and obtain counsel. (*Id.* at p. 14).

Lovejoy is a Jehovah's Witness, and while housed in North 2 at Menard, he was not allowed to attend the religious services provided for Jehovah's Witnesses. (*Id.* at p. 21). He repeatedly wrote Counselors M. Price, H. Price, Valleroy, and Clendenin, and also to Assistant Warden Lyerla and Warden Lashbrook, requesting to attend services, but never received a response. (*Id.* at p. 23). His religious practices were further burdened because his request to have a kosher diet was denied. (*Id.* at pp. 23-24).

After Lovejoy was transferred to Western, he was denied toothpaste, soap, razors, and laundry detergent. Defendants Watson and Goins knew that he was being denied hygiene items, but chose not to correct the situation in retaliation for filing grievances about his conditions of confinement. (*Id.* at p. 19).

## PRELIMINARY DISMISSALS

Lovejoy makes allegations against Wexford, Rob Jeffreys, and the Chaplain at Menard in the Complaint. These individuals, however, are not identified as defendants in the case caption. (Doc. 1, pp. 7, 10, 24). The Court will not treat parties not listed in the caption as defendants, and any claims against them are dismissed without prejudice. *See*

*Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

Lovejoy also makes several allegations against "defendants" generally. For example, he states that "defendants at Menard Correctional Center and Western Illinois Correctional Center [have] exhibited deliberate indifference to his rights," and "after being informed of the violations through requests, letters, and grievance reports failed to remedy the wrong[.]"(Doc. 1, pp. 11, 19); defendants have blocked the preparation and filing of lawsuits by refusing to mail legal papers and denying him paper, pens, and envelopes (*Id.* at pp. 13, 14); and defendants unlawfully confiscated his television on November 21, 2018, in retaliation for filing grievances (*Id.* at p. 17). The Court finds it unnecessary to delve into the merits of these allegations at this time, as Lovejoy has failed to associate specific defendants with these claims. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). To state a claim against a defendant, Lovejoy must describe what each named defendant did, or failed to do, that violated his constitutional rights. Vague references to a group of defendants, without specific allegations tying an individual defendant to the alleged unconstitutional conduct, do not meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure. These general claims will be also dismissed without prejudice.

Finally, although Lovejoy lists Butler, Baldwin, Lawrence, and Pierce as defendants, he fails to list them elsewhere in his complaint and describe how they violated his constitutional rights. Therefore, any claims against them are dismissed

without prejudice. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). Butler, Baldwin, and Pierce will be terminated from this action, but Lawrence will remain, in his official capacity only, for the purpose of identifying the unknown John Doe defendant.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate following thirteen Counts:

**Count 1:** First Amendment access to courts claim against John Doe, property officer, for confiscating Lovejoy's legal materials on June 11, 2019, hindering his ability to participate in his legal proceedings.

**Count 2:** First Amendment claim against John Doe, property officer, for confiscating Lovejoy's property on June 11, 2019, in retaliation for filing grievances and lawsuits.

**Count 3:** Fourteenth Amendment claim against John Doe, property officer, for confiscating Lovejoy's property on June 11, 2019, without due process of law.

**Count 4:** Fourth Amendment claim against John Doe, property officer, for the unlawful search and seizure of Lovejoy's legal materials on June 11, 2019.

**Count 5:** First and Fourteenth Amendment claim for the confiscation of Lovejoy's legal materials from his property boxes in legal storage.

**Count 6:** First Amendment claim against Lashbrook for denying Lovejoy stamps and envelopes to mail letters to his family.

**Count 7:** Fourteenth Amendment claim against Lashbrook hindering Lovejoy's access to the grievance process and administrative remedies regarding the confiscation of his television on November 21, 2018.

**Count 8:** Eighth Amendment claim of deliberate indifference against Lashbrook, Benton, Oakley, Wandro, and M. Price for failing to act to correct the unconstitutional acts that were occurring against Lovejoy.

| | |
|---|---|
| **Count 9:** | Religious Land Use and Institutional Person Act ("RLUIPA") and First Amendment free exercise of religion claim against M. Price, H. price, Valleroy, Clendenin, Lyerla, and Lashbrook for prohibiting Lovejoy from attending religious services. |
| **Count 10:** | RLUIPA and First Amendment free exercise of religion claim against Lashbrook for denying Lovejoy's request for a kosher diet. |
| **Count 11:** | Fourteenth Amendment equal protection claim for discriminatory treatment due to Lovejoy's religion. |
| **Count 12:** | Eighth Amendment claim of cruel and unusual punishment against Watson and Goins for denying Lovejoy hygiene items and laundry detergent. |
| **Count 13:** | First Amendment claim against Watson and Goins for denying Lovejoy hygiene items in retaliation for filing grievances. |

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

### SEVERANCE

Rule 20 of the Federal Rules of Civil Procedure prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Under Rule 20, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a

---

[2] *See Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

question of law or fact common to all. *George*, 507 F.3d at 607; 3A *Moore's Federal Practice* § 20.06, at 2036–45 (2d ed.1978). Rule 18 allows a party to join unrelated claims against defendants in a lawsuit. Notably, however, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20. *Intercon Research Ass'n, Ltd. v. Dresser Ind., Inc.*, 696 F.2d 53, 57 (7th Cir. 1983) (citing 7 Charles Alan Wright et al., *Federal Practice & Procedure*).

Here, the allegations regarding the confiscation of Lovejoy's property and denial to access to the courts while at Menard, the violation of his religious rights while at Menard, and the denial of hygiene items while at Western are not properly joined in a single action. The Court exercises its authority under Rule 21 and severs the improperly joined claims. Counts 1-8 shall remain in this action, and the merits of these claims will be reviewed in this Order. Counts 9-11 and Counts 12-13 will be severed into separate actions.

### MERITS REVIEW

### Count 1

Lovejoy alleges that John Doe, property officer, confiscated his legal materials on June 11, 2019. As a result, claims in one case were dismissed, and he was unable to respond to the defendant's motion to dismiss in another case. (Doc. 1, p. 15). Lovejoy cites to three cases that were prejudiced due to the fact he did not have his legal materials. (*Id.* at p. 10). At this stage, he has sufficiently alleged that John Doe's actions violated his right to access the courts, and Count 1 survives screening. *See Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004).

**Count 2**

Count 2 shall proceed against John Doe, property officer, who Lovejoy claims confiscated his property on June 11, 2019, in retaliation for filing grievances and lawsuits. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).

**Count 3**

The Seventh Circuit has specifically held that an IDOC prisoner has an adequate post-deprivation remedy for confiscation of a prisoner's non-contraband property by IDOC personnel in the form of an action for damages in the Illinois Court of Claims. *See Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (citing 705 ILCS 505/8); *Stewart v. McGinnis*, 5 F.3d 1031, 1035–36 (7th Cir. 1993). Thus, Lovejoy has an adequate post-deprivation remedy for the loss of his property confiscated on June 11, 2019, in state court, and Count 3 will be dismissed without prejudice. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

**Count 4**

Lovejoy claims that the confiscation of his property on June 11, 2019, was an arbitrary search and seizure of his legal materials. (Doc. 1, p. 11). A prisoner has no reasonable expectation of privacy, however, under the Fourth Amendment while incarcerated. *See Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984); *Smith v. Clendenin*, No 16-cv-664-MJR, 2016 WL 5243032, at * 7 (S.D. Ill. Sept. 22, 2016). To the extent he is claiming a violation of his rights under the Fourth Amendment, the claim is dismissed without prejudice.

**Count 5**

In addition to his property being confiscated from his cell by John Doe, personal

property officer, on June 11, 2019, Lovejoy claims his legal documents were taken from his personal property boxes. (Doc. 1, p. 12). He claims that the confiscation of these documents were done in retaliation and that without these materials he was denied access to the courts. (*Id.* at p. 13). These allegations are not asserted against any named defendant, and so, Count 5 will be dismissed without prejudice.

To the extent he is claiming that the warden is liable because he or she "signed off" on his grievance regarding the confiscation of his legal documents from his property boxes, this claim is also dismissed. (*Id.* at p. 12). Lovejoy has named four wardens and one assistant warden in this civil suit, so simply alleging that "the Warden" violated his constitutional rights does not put the proper defendant on notice of the claim brought against him or her. *See Twombly*, 550 U.S. at 555 (2007).

**Count 6**

Lovejoy alleges that Warden Lashbrook denied his request for two stamped envelopes so that he could write to his family. (Doc. 1, p. 13). While the Seventh Circuit has held that "indigent inmates must be provided at state expense with paper and pen to draft legal documents…and with stamps to mail them," *Owens v. Evans*, 878 F.3d 559, 564 (7th Cir. 2017) (quoting *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977)), there is no First Amendment right to stamps to send social correspondence, and so Count 6 is dismissed. *See Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) ("there is no constitutional entitlement to subsidy."); *see also Collins Bey v. Wall,* No. 18-cv-299, 2018 WL 1629030, at *2 (E.D. Wis. Apr. 4, 2018) (citing *Van Poyck v. Singletary*, 106 F.3d 1558 (11th Cir. 1997) and *Hershberger v. Scaletta*, 33 F.3d 955, 956–57 (8th Cir. 1994)).

**Count 7**

Lovejoy alleges that he wrote a grievance regarding the confiscation of his television on November 21, 2018, but that "Warden Jacqueline Lashbrook made administrative remedies so unavailable as to deprive me of my rightful access to the grievance process." (Doc. 1, p. 18). Inmates do not have a constitutional right to an effective grievance procedure. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996). As such, the fact that prison officials denied, mishandled, or refused to consider grievances or claims raised by grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Count 7 will be dismissed.

**Count 8**

Finally, Lovejoy states that "defendants Jacqueline Lashbrook, Sherry Benton, Lori Oakley, Larissa Wandro, M. Price has exhibited deliberate indifference to this plaintiff['s] rights, by failing to act on information indicating that unconstitutional acts were occurring." (Doc. 1, p. 18).

Because in the Complaint Lovejoy alleges several constitutional violations at two different facilities over the span of two years, this claim is too vague to provide fair notice of his claims to each defendant. FED. R. CIV. P. 8. Furthermore, Section 1983 creates a cause of action based on personal liability and predicated on fault. *Pepper v. Vill. of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005). Thus, to the extent Lovejoy is attempting to hold these defendants liable simply because they knew about the violation and failed to correct it, these claims are dismissed. Only persons who cause or participate in the alleged violations can be held responsible. *See Greeno v. Daley,* 414 F.3d 645, 656-57(7th Cir.2005);

*Reed v. McBride,*178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters,* 97 F.3d 987, 992-93 (7th Cir. 1996). Count 8 does not survive screening and will also be dismissed.

**INJUNCTIVE RELIEF**

In his "Prayer for Relief," Lovejoy asks the Court for a preliminary and permanent injunction to order Defendants to cease unconstitutional acts. But his requests for injunctive relief are rendered moot by his transfer from Menard. The removal of a prisoner from the institution where he was subject to unconstitutional behavior generally renders a prayer for injunctive relief moot unless he can show "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains here." *Maddox v. Love,* 655 F.3d 709, 716 (7th Cir. 2011)(citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)). At the time of filing, his address was Western, and he does not make any allegations that he will return to Menard. As such, his requests for injunctive relief are denied without prejudice.

The Court further notes that Lovejoy also did not file a separate motion for a preliminary injunction or set forth the reasons he is entitled to immediate relief under Rule 65(a) of the Federal Rules of Civil Procedure, other than the general claim that he will "suffer irreparable harm." (Doc. 1, p. 26). If he wishes to pursue emergency injunctive relief in the future, he should file a separate motion pursuant to Rule 65 in the appropriate case, setting forth the relief he seeks and the specific facts that support his request.

**IDENTIFICATION OF UNKNOWN DEFENDANT AND OFFICIAL CAPACITY CLAIMS**

Lovejoy will be allowed to proceed with Counts 1 and 2 against Defendant John Doe, property officer. This defendant must be identified with particularity before service of the Complaint can be made. Lovejoy will have the opportunity to engage in limited

discovery to ascertain his or her identity. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Once the name of this individual is discovered, Lovejoy shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Complaint. In that vein, Frank Lawrence, the warden of Menard, will remain a party in this action, in his official capacity only, and shall be responsible for responding to discovery aimed at identifying this unknown defendant.

Finally, Lovejoy asserts his claims against the remaining John Doe defendant in his or her official and individual capacities. (Doc. 1, p. 8). Because state officials named in their official capacities may not be sued for monetary damages, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and Lovejoy's claims for injunctive relief have been denied, the official capacity claims against John Doe, property officer, will be dismissed with prejudice.

### RECRUITMENT OF COUNSEL

Lovejoy has filed a motion asking the Court to recruit counsel on his behalf, which will be denied.[3] (Doc. 3). In the Motion, Lovejoy states that he cannot afford counsel and was unable to obtain counsel through his own efforts, but he does not provide any information regarding those attempts to recruit counsel on his own. Because he has not made this showing, the Court finds that Lovejoy has not made a reasonable attempt to find counsel. Should Lovejoy choose to move for recruitment of counsel at a later date, the Court directs him to: (1) contact at least three attorneys regarding representation in

---

[3] In evaluating Lovejoy's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

### DISPOSITION

### *Preliminary Dismissals*

**IT IS HEREBY ORDERED** that Butler, Baldwin, and Pierce are dismissed without prejudice. The Clerk of Court is **DIRECTED** to terminate them from this action.

### *Severance*

**IT IS HEREBY ORDERED** that **COUNTS 9-13** are **SEVERED** into two new cases, as follows:

**First Severed Case:**  Counts 9, 10, and 11 against M. Price, H. Price, Valleroy, Clendenin, Lyerla, and Lashbrook.

**Second Severed Case**:  Counts 12 and 13 against Watson and Goins.

In each new case, the Clerk is **DIRECTED** to file the following documents:

(1) The Complaint (Doc. 1);
(2) Motion for Leave to Proceed *in forma pauperis* (Doc. 2);
(3) Motion to Appoint Counsel (Doc. 3); and
(4) This Memorandum and Order.

Once the **Second Severed Case** is opened, pursuant to 28 U.S.C. §§ 1391(b) and 1404(a) and on the Courts on motion, the Clerk of Court is **ORDERED** to **TRANSFER** that action to the United States District Court for the Central District of Illinois for such further proceedings as that court may deem appropriate. No summons shall issue in this action unless so directed by the transferee court.

**IT IS FURTHER ORDERED** that the **only claims remaining in this action, are COUNTES 1-8 against John Doe, property officer, Lashbrook, Benton, Oakley,**

**Wandro, M. Price, and Lawrence.** The Clerk of the Court is **DIRECTED** to terminate **H. Price, Valleroy, Clendenin, Lyerla, Watson,** and **Goins** as defendants in this action.

*Merits Review Counts 1-8*

**IT IS HEREBY ORDERED** that the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNTS 1** and **2** will proceed against **John Doe**, personal property officer. **COUNTS 3-8** are dismissed without prejudice. Because there are no other claims against them Defendants **Lashbrook, Benton, Oakley, Wandro,** and **M. Price** are dismissed without prejudice. The Clerk is **DIRECTED** to terminate them as defendants in this action. **Lawrence** shall remain a party, in his official capacity only, for the purpose of identifying the John Doe defendant.

**IT IS FURTHER ORDERED** that the Motion to Appoint Counsel (Doc. 3) is **DENIED** without prejudice and Lovejoy's requests for injunctive relief are **DENIED** without prejudice.

The Clerk of Court shall prepare for **Lawrence** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Lovejoy. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. **Lawrence need not answer or otherwise respond to the Complaint as he is only in this case for the purpose of identifying the John Doe**

**defendant. He must only enter his appearance and will receive further instructions on discovery at a later date.**

Service shall not be made on the unknown defendant, **John Doe,** property officer, until such time as Lovejoy has identified him or her by name in a properly filed motion for substitution. Lovejoy is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

**Pursuant to Administrative Order No. 244, Defendant John Doe, once identified, need only respond to the issues stated in this Merit Review Order.**

**IT IS FURTHER ORDERED** that if judgment is rendered against Lovejoy, and the judgment includes the payment of costs under § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Lovejoy is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   January 17, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Lovejoy is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Lovejoy need not submit any evidence to the Court at his time, unless otherwise directed by the Court.