IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAURENCE LOVEJOY,
#N52404,

        Plaintiff,

v.

FRANK LAWRENCE, and
JOHN DOE,

        Defendants.

Case No. 19-cv-00969-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court for case management purposes. This action was commenced by Plaintiff Laurence Lovejoy, an inmate of the Illinois Department of Corrections who is currently incarcerated at Western Illinois Correctional Center ("Western"), pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while at Western and Menard Correctional Center ("Menard"). The Court conducted a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, and Lovejoy is now proceeding with the following claims against Defendant John Doe, a property officer at Menard: (1) a First Amendment claim for confiscating Lovejoy's legal materials on June 11, 2019, hindering his ability to participate in legal proceedings (Count 1); and (2) a First Amendment claim for confiscating Lovejoy's property on June 11, 2019, in retaliation for filing grievances and lawsuits (Count 2). (*See* Doc. 12, p. 5). Defendant John Doe, however, has yet to be identified and served with the Complaint, and Lovejoy still has not paid the initial partial filing fee. Currently, pending before the Court is a Motion to Conduct Discovery filed by Lovejoy. (Doc. 19). For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**. Lovejoy will be granted additional time to identify the John Doe Defendant, and he will not be required to pay the initial partial filing fee at this time.

Page 1 of 4

## IDENTIFICATION OF THE UNKNOWN DEFENDANT

On June 12, 2020, the Court issued an order setting discovery guidelines and deadlines for the identification of the unknown defendant. (Doc. 16). Lovejoy was directed to file a notice with the Court and provide Warden Lawrence's attorney any information he possessed which would help identify John Doe. Warden Lawrence was directed to file a notice with the Court and provide to Lovejoy by July 28, 2020, the identity of the John Doe or any document or information which may assist in the identification of the John Doe. A motion to substitute a specific defendant for the John Doe was due August 11, 2020.

On August 11, 2020, Lovejoy filed a Motion for a Forty Day Continuance asking for additional time to file a motion to substitute the John Doe Defendant because Western was under quarantine due to the COVID-19 pandemic. (Doc. 17). Lovejoy was given until September 22, 2020, to file a motion to substitute. (Doc. 18). On September 17, 2020, he then filed the Motion to Conduct Discovery for the purpose of identifying the unknown defendant. (Doc. 19). In the Motion, Lovejoy states his attempts to obtain the identity of the John Doe have been unsuccessful. He also claims that he is hindered from proving his claims and identifying the John Doe because (1) the legal documents that were confiscated by John Doe on June 11, 2019, were never returned; and (2) he is no longer housed at Menard, where the incidents alleged in the Complaint occurred. Lovejoy argues that because of his transfer he does not have access to any of the witnesses, documents, or Defendants, which makes it difficult to engage in pretrial discovery. He is also unable to identify key witnesses, depose Defendants, and gather pertinent evidence. Lovejoy asks the Court to assist him in investigating his case and to appoint counsel.

To the extent that Lovejoy is seeking Court assistance to engage in discovery in order to litigate and prove his claims, the request is denied. Currently, the parties should be conducting "limited discovery for the [sole] purpose of identifying the John Doe Defendant." (Doc. 16, p. 2). Discovery on the merits has not yet started, and so, it is not necessary for Lovejoy to gather

evidence or talk and depose witnesses at this stage.

Lovejoy's request for court recruited counsel is also denied. When denying his previous motion for counsel, the Court found that Lovejoy had not provided any information regarding attempts to recruit counsel on his own. (Doc. 12, p. 13). Because he has still not made this showing, the request is denied. *See Pruitt v. Mote,* 503 F. 3d 647, 654 (7th Cir. 2007) (stating that the first inquiry when ruling on a request for *pro bono* counsel is "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so").

As to discovery regarding identification of the John Doe Defendant, Lovejoy states that his attempts to obtain John Doe's identity by filing grievances and writing officials at Menard have been unsuccessful. He was directed by the Court, however, to engage in discovery with the attorney for Warden Lawrence and to provide her with any identifying information he possesses. (Doc. 16, p. 2). In turn, she would provide Lovejoy and the Court with the identity of the John Doe Defendant. Furthermore, while the Court acknowledges that Lovejoy is no longer housed at Menard and that the legal documents confiscated on June 11, 2019, were never returned to him, these difficulties do not prevent him from providing descriptive information as ordered. Because neither party filed with the Court the required notices, it is hard to assess if they have engaged in any kind of meaningful discovery for the purpose of identifying the John Doe Defendant. Therefore, the Court will grant one last extension.

Lovejoy shall have until **December 22, 2020**, to file a Notice with the Court, and provide to Warden Lawrence's attorney, any information he possesses which will help identify the John Doe Defendant, such as physical descriptions, gender, rank, partial names/nicknames, specific job assignments, shift times, and locations and dates where Lovejoy interacted with the John Doe.

Warden Lawrence shall have until **January 5, 2021,** to file a Notice with the Court, and provide to Lovejoy, the identity of the John Doe. Or, if Warden Lawrence is unable to identify the John Doe, Warden Lawrence shall provide to Lovejoy any document or information which may

assist in the identification of the John Doe.

Lovejoy shall have until **January 19, 2021**, to file a motion to substitute a specific Defendant for the John Doe or, if the John Doe remains unidentified, to file a motion specifying additional steps that can be taken to identify the John Doe. **No further extensions will be granted, unless for good cause shown, and failure to identify the John Doe Defendant by January 19, 2021, will result in the dismissal of the John Doe Defendant and this case for failure to prosecute.**

### INITIAL PARTIAL FILING FEE

Lovejoy was given until September 22, 2020, to either pay the entire initial partial filing fee of $2.19 or demonstrate to the Court that he has no means to pay the amount. (Doc. 18). In the Motion to Conduct Discovery, Lovejoy has provided a copy of his trust fund account statement indicating that he has a negative balance. Based on this information, the Court finds that Lovejoy is unable to pay the initial partial filing fee at this time. However, he incurred the obligation to pay a filing fee for this action when he filed his Complaint, and that obligation remains. Therefore, payments shall be made in accordance with the order granting *in forma pauperis*. Specifically, the agency having custody of Lovejoy shall forward payments from his account to the Clerk of this Court each time the amount in the account exceeds $10 until the $350.00 filing fee is paid. (*See* Doc. 7). The Clerk's Office is **DIRECTED** to send a copy of this Order to the Trust Fund Officer at Western Illinois Correctional Center.

**IT IS SO ORDERED.**

**DATED:   December 8, 2020**

                                                    *s/Stephen P. McGlynn*
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**