IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURENCE LOVEJOY, #N52404,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS LAFOND,<br><br>    Defendant. | Case No. 19-cv-00969-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  This matter comes before the Court regarding discovery issues surrounding the identity of the only defendant in this case, currently identified as Thomas Lafond. Although this case is two years old, a responsive pleading has not been filed, and there is an ongoing dispute regarding whether each party has engaged in discovery in good faith.

  Plaintiff Laurence Lovejoy, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Western Illinois Correctional Center ("Western"), filed this civil action pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights while at Western and Menard Correctional Center ("Menard"). After reviewing the Complaint pursuant to 28 U.S.C. § 1915A, the Court severed many of Lovejoy's claims. Currently, he is proceeding in this case with the following counts:

  **Count 1:**  First Amendment access to courts claim against John Doe, property officer, for confiscating Lovejoy's legal materials on June 11, 2019, hindering his ability to participate in his legal proceedings.

  **Count 2:**  First Amendment claim against John Doe, property officer, for confiscating Lovejoy's property on June 11, 2019, in retaliation for filing grievances and lawsuits.

(Doc. 12). The Warden of Menard at the time, Frank Lawrence, was added to the docket as a defendant, in his official capacity only, for the purpose of responding to discovery aimed at identifying the John Doe Defendant. (Doc. 12; Doc. 27).

On June 12, 2020, the Court entered a scheduling order allowing the parties to engage in limited discovery in order to identify the unknown defendant and setting deadlines for when discovery should be completed and a motion to substitute filed by Lovejoy. (Doc. 16). The parties were also directed to file notices with the Court at various times during the discovery process. Neither party did so. The Court then extended the discovery deadlines twice and again directed Warden Lawrence to notify the Court regarding ongoing discovery. (Doc. 18, 21). Defendant Lawrence did not file a notice, nor did he respond to Lovejoy's discovery request sent on December 18, 2020.[1]

On January 19, 2021, Lovejoy filed a motion to compel notifying the Court that his discovery request had been ignored, and he never received a response. (Doc. 23). The Court set the motion for a hearing and finally a notice of compliance was filed by Defense Counsel Davis on behalf of the Warden Lawrence. (Doc. 26). In the notice, Defense Counsel Davis stated that she received Lovejoy's discovery requests regarding the identification of the John Doe on December 24, 2020. Due to "inadvertent oversight" Lovejoy's requests were not responded to until January 21, 2021. There was no explanation for the failure to file the previous notices as directed by the Court. (*See* Doc. 16, 21). However, because Defense Counsel Davis had provided the Warden's responses, the Court canceled the hearing and denied the motion to compel as moot. (Doc. 27).

---

[1] The Court notes that based on the record, during this time, Lovejoy was attempting to engage in discovery. He filed a motion for an extension on August 11, 2020. Additionally, after mistakenly sending discovery requests directly to the Warden of Menard via a letter and a grievance, rather than to Defense Counsel, and not receiving a response, he filed another motion. (Doc. 19). The Court directed him to send his discovery requests directly to Defense Counsel by December 22, 2020, which he did. (Doc. 21).

On May 3, 2021, Lovejoy filed a motion to substitute Thomas Lafond for John Doe and service was ordered.[2] Warden Wills, the current Warden of Menard who had previously been substituted for Warden Lawrence, was terminated as a defendant. Thomas Lafond was to file a responsive pleading to the Complaint by July 6, 2021. That same day, Defense Counsel Powell entered an appearance on behalf of Defendant Wills, and Defense Counsel Davis withdrew as counsel of record.

On August 5, 2021, Defense Counsel Powell informed the Court that after she entered her appearance and investigated Lovejoy's claims, she discovered that an error had occurred in identifying the John Doe. Defense Counsel Davis, who previously represented Warden Wills, provided the name of the property officer working on January 11, 2019, rather than June 11, 2019. (Doc. 47). Because of this error, the John Doe has been misidentified as Thomas Lafond. Defendant Lafond was granted additional time to file a responsive pleading or whatever motion he deemed appropriate.

On September 3, 2021, Defendant Lafond filed a motion to stay the responsive pleading deadline. (Doc. 50). In the motion, Defense Counsel Powell states that based on her communications with the litigation coordinator at Menard, the name of the property officer who signed the inventory log on June 11, 2019, is Scott White. However, she states that the litigation coordinator informed her that the staff person who conducts inventory of the property removed from cells and signs the property log is not the same staff member who goes to the cells and collects the personal property. Additionally, there is no documentation identifying which specific officer gathered Lovejoy's property prior to his transfer. The Court denied the motion to stay and set new deadlines for discovery. The parties were directed to continue to meet and confer via telephone or

---

[2] Warden Wills, the current Warden of Menard, provided the name Thomas Lafond as "the officer assigned to personal property on June 11, 2019." (Doc. 26-1, p. 1).

videoconference, as necessary, in order to identify the individual who removed Lovejoy's property from his cell. (Doc. 52).

On September 13, 2021, the parties had a telephone call that was not fruitful. What was said during the phone call is disputed, and the identity of the officer who allegedly confiscated Lovejoy's property from his cell on June 11, 2019 remains unknown. (*See* Doc. 53, 54). Several things remain unclear to the Court, including whether the Attorney General's Office and Defendant Wills have conducted discovery in good faith. It is also unclear, at this point in time, whether Lovejoy wants to substitute Scott White for Thomas Lafond. (*See* Doc. 54). Even though Defense Counsel asserts that Scott White would not have been the individual to collect Lovejoy's property from his cell, Lovejoy is the master of his complaint and may identify Scott White as the person he believes is liable for violating his constitutional rights if he chooses.

Thus, a hearing will be set so that the Court can hear directly from the parties and determine what additional information, if any, could be provided which would aid Lovejoy in identifying the unknown officer. Scott White will be ordered to appear at the hearing to answer questions regarding the process for collecting, delivering, and logging property at Menard around the time of the alleged constitutional violation.

Defense Counsel should come to the hearing prepared to discuss what records exist that could assist Lovejoy in identifying who came to his cell the day of June 11, 2019, including employee rosters or shift logs. Defense Counsel should also be prepared to respond to Lovejoy's arguments that the Attorney General's Office has not responded to and conducted discovery in good faith during this litigation.

Lovejoy should come to the hearing prepared to provide any descriptive information of the unknown officer he can, such as physical description, job assignments, and dates where he

interacted with the unknown officer. Lovejoy is reminded that it is ultimately his responsibility to identify and name the unknown officer.

Finally, the Clerk of Court is **DIRECTED** to **ADD** the Warden of Menard, Anthony Wills, as a defendant in his official capacity for the purposes of responding to the ongoing discovery aimed at identifying the unknown defendant.

**IT IS SO ORDERED.**

**DATED:** October 12, 2021

_s/Stephen McGlynn_  
**STEPHEN P. MCGLYNN**  
**United States District Judge**