IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURENCE LOVEJOY, #N52404, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY WILLS, and JOHN DOE, <br><br> Defendants. | Case No. 19-cv-00969-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a Motion for Summary Judgment filed by Plaintiff Lovejoy and for the purpose of setting a new deadline for Lovejoy to file a motion to substitute.

### MOTION FOR SUMMARY JUDGMENT

Plaintiff Lovejoy has filed a motion for summary judgment. (Doc. 69). Lovejoy argues that it is undisputed that Property Officer Scott White signed off on the inventory log of his property after it was collected from his cell in an arbitrary search and seizure of his legal materials on June 11, 2019. Additionally, White did not inventory his property in his presence or give him a receipt of his personal property as required by rules and regulations of the Illinois Department of Corrections. These actions impeded his ability to access the court and litigate other state and federal civil cases. Lovejoy argues that "defendants" actions of confiscating his legal materials were done in retaliation for filing lawsuits regarding unconstitutional conditions of confinement. He states he is entitled to relief as a matter of law.

Lovejoy's motion is premature. Generally, "[s]ummary judgment should not be entered 'until the party opposing the motion has had a fair opportunity to conduct such discovery as may

be necessary to meet the factual basis for the motion.'" *Grayson v. O'Neill*, 308 F.3d 808, 815 (7th Cir. 2002) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986). *See also Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 866 (7th Cir. 2019) (emphasizing "the importance of allowing a party the opportunity to take meaningful discovery before granting summary judgment"). In this case, the opposing party has not had a fair opportunity to engage in discovery and respond to the motion for summary judgment because a defendant has not been identified and served. In the Complaint, Lovejoy describes the John Doe Defendant as an "unknown correctional officer working in personal property [who] came to my cell and took all my personal property by confiscation" (Doc. 1, p. 10). At the hearing held on November 18, 2021, Lovejoy was unable to describe or name this individual. Thus, a motion for summary judgment is inappropriate at this time.

The Court notes that it appears Lovejoy is now asserting allegations against Warden Wills and Property Officer White for denying him access to the courts and retaliation. However, White is not a party to this case, and Wills was added by the Court as a party in his official capacity only to respond to discovery aimed at identifying the John Doe Defendant. Lovejoy has not stated a claim for relief against either person, and he cannot amend the Complaint to name them as defendants through a motion for summary judgment. For these reasons, his motion is **DENIED without prejudice.**

### DEADLINE FOR IDENTIFYING JOHN DOE DEFENDANT

At the hearing held on November 18, 2021, Lovejoy stated that on June 11, 2019, Defendant John Doe Property Officer came to collect his property with an inmate worker. Lovejoy believes that the inmate worker will be able to provide him information that will help identify the officer. Defendant Wills was directed to inform the Court and Lovejoy of the procedure for allowing Lovejoy to send a one-time correspondence to the inmate worker for the purpose of

securing the inmate's affidavit or statement regarding the identity of the John Doe Property Officer. Defendant Wills has done so. (Doc. 70, 71).

Therefore, Lovejoy will be given additional time to contact the inmate worker according to the procedures provided. **Lovejoy shall have until February 17, 2022, to identify the John Doe and file a motion to substitute.** Failure to do so will result in the dismissal of the John Doe Defendant and the case as a whole for failure to prosecute. FED. R. CIV. P. 41(b). The Court will not grant an extension of this deadline unless Lovejoy can demonstrate exceptional circumstances.

**IT IS SO ORDERED.**

**DATED:   January 3, 2022**

                                               *s/Stephen McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**