IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAURENCE LOVEJOY,
#N52404,

        Plaintiff,

v.

ANTHONY WILLS, and
JOHN DOE,

        Defendants.

Case No. 19-cv-00969-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion to substitute (Doc. 73) filed by Plaintiff Laurence Lovejoy. Lovejoy has also filed two motions requesting sanctions against Defendants. (Doc. 80, 83). For the following reasons, the motions are denied.

### BACKGROUND

Despite the age of this case, a proper defendant has still not been identified and served with the Complaint. Plaintiff Laurence Lovejoy, an inmate of the Illinois Department of Corrections ("IDOC"), is proceeding on two counts against John Doe Property Officer. (Doc. 12). Lovejoy claims that on June 11, 2019, while housed at Menard Correctional Center ("Menard"), John Doe came to his cell and confiscated his legal materials in retaliation against him for filing grievances and lawsuits about the conditions of his confinement. Because Lovejoy no longer had his legal materials, he asserts he was hindered from litigating his other legal proceedings. After the Complaint was reviewed pursuant to Section 1915A, the Warden of Menard was added as a defendant for the purposes of identifying John Doe, and the parties were allowed to engage in limited discovery.

After a lengthy discovery process and misidentification of John Doe as Thomas Lafond,[1] the Court held a hearing on November 18, 2021, to determine if any information could be provided to Lovejoy that would help him in identifying the unknown defendant. (Doc. 64). During the hearing, Lovejoy testified that an inmate worker, who has been identified as Stuart Heaton, came to his cell with John Doe on June 11, 2019, collected his property, placed it on a cart, and then wheeled the cart away. Because inmates are not free to communicate with one another, Defendant Wills was directed to inform Lovejoy of the procedure for corresponding with Heaton for the purpose of securing Heaton's affidavit or statement regarding the identity of John Doe Property Officer. (Doc. 68).

On December 21, 2021, Wills notified Lovejoy and the Court that in order to correspond with Heaton, Lovejoy must seek the approval of the warden at Western Illinois Correctional Center ("Western"), where Lovejoy currently resides, and then also seek the approval of the warden at Menard, where Heaton is incarcerated. (Doc. 70). Lovejoy was then given until February 17, 2022, to file a motion to substitute. (Doc. 72). Lovejoy filed a motion to substitute on January 31, 2022. (Doc. 73).

In the motion, Lovejoy moves to substitute John Doe for inmate Stuart Heaton. (Doc. 73). Lovejoy also seeks to substitute John Doe for Scott White, the property officer who testified at the hearing held on November 18, 2021, and who inventoried Lovejoy's property once it reached the property department.

Lovejoy asserts that he attempted to receive permission from Warden Greene, the warden at Western, in order to correspond with Heaton but never received a response. Lovejoy stated he also filed a grievance on the issue. At the Court's direction, Defense Counsel filed a notice with

---

[1] For a more detailed history of the proceedings in this case see Doc. 55 and 68.

the Court, responding to the allegations that Lovejoy was being impeded from communicating with Heaton. (Doc. 75, 77). Defense Counsel states that she contacted Western and was informed that Lovejoy had not completed the proper procedure to request communication with an inmate at another facility. In response to his grievance, Lovejoy was advised that his counselor should be contacted, who would then start the process of reviewing his request. He was further advised that he must indicate his relationship with Heaton. Defense Counsel also informs the Court that she has contacted IDOC legal counsel and was informed that the process for allowing two inmates to communicate with each other, even if properly adhered to by the requesting inmate, can be a lengthy process. Defense Counsel and IDOC legal counsel discussed facilitating a video call between the two inmates.

Lovejoy responded to the notice filed by Defense Counsel and argues that he followed the procedures advised to him by his counselor and still did not receive a response. (Doc. 78). He states that he has not sought permission from the warden at Menard, as he has not yet received approval from Warden Greene at Western. Lovejoy did not respond to Defense Counsel's offer to facilitate a video call between himself and Heaton. He argues that he is being hindered from litigating this case by Defendants, Warden Green, and his counselors. He also asks the Court to recruit him counsel to help him litigate this matter. Subsequently, Lovejoy has filed two motions for sanctions. (Doc. 80, 83).

### REQUEST FOR COUNSEL

Lovejoy has requested the Court to recruit counsel to represent him in this matter. (Doc. 78). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff

appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court denied Lovejoy's previous motion for counsel because he did not meet his threshold burden of demonstrating the efforts made to recruit counsel on his own, prior to seeking assistance from the Court. (Doc. 12). He was instructed that if he were to move for recruitment of counsel at a later date, he must, "(1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation." (Doc. 12, p. 12-13). Lovejoy has not followed the Courts instructions, and a review of the record shows he has provided the names and addresses of only two attorneys. (*See* Doc. 22). Accordingly, he has not demonstrated reasonable efforts to locate counsel, and the request for court recruited counsel is denied.

## MOTIONS FOR SANCTIONS

In Lovejoy's first request for sanctions, he seeks sanctions for failing to comply with the Court's Order at Doc. 74, which directed Defendant Wills to respond to Lovejoy's allegations that he was not receiving responses to his requests to communicate with inmate Heaton from Warden Greene at Western. (Doc. 80). The motion is denied.

It is not entirely clear who Lovejoy is requesting sanctions against and the procedural basis for his motion. Lovejoy does not put forth any arguments or evidence regarding the conduct of Wills, who complied with the Court's Order and filed a response on February 15, 2022, and a supplemental response on March 3, 2022. (Doc. 75, 77). Lovejoy's motion focuses on Warden Greene and Counselors Houston, and Howell, who he argues are intentionally impeding his ability to communicate with inmate Heaton. However, these individuals are not parties to the case, and the Order at Doc. 74 was directed at Defendant Wills, not at staff at Western.

Finally, although he may not be receiving responses to his grievances or written requests

to communicate with Heaton from staff at Western, Defense Counsel has offered him the ability to communicate with Heaton via video conference. Thus, it is not clear how he is being impeded by Wills or Defense Counsel in conducting discovery into the identity of John Doe. For these reasons, the motion for sanctions at Doc. 80 is denied.

In Lovejoy's second request for sanctions, he asks the Court to sanction Wills, White, and Heaton for deliberately delaying this proceeding and hindering his claims from moving forward. (Doc. 83). Lovejoy does not attribute any specific conduct to these individuals that resulted in delay of *this* case. He argues that because his legal documents were confiscated on June 11, 2019, he was unable to litigate another civil case in this district, *Lovejoy v. Lashbrook,* No. 19-cv-00016-SMY, filed on January 4, 2019. Lovejoy asserts that he was unable to replace the documents that were taken as he could not afford copies and the "court refused to furnish or supply me with a free copy." (*Id.* at p. 2-3). Because he could not remember or recall what was in his lawsuit without his documents, the suit was ultimately dismissed. Thus, Defendants' actions caused him prejudice.

Lovejoy's request for sanctions is misplaced. He is indirectly asking the Court to rule on the merits of a First Amendment claim for denial of access to courts that is not proceeding in this case. White and Heaton are not parties to this case, and Wills is a defendant only for the purpose of identifying John Doe. The Court will not sanction alleged conduct unrelated to this case, which is proceeding at this point only against John Doe. The motion for sanctions is denied.

The Court further notes that Lovejoy has misrepresented the events in case *Lovejoy v. Lashbrook.* In that case, Lovejoy was proceeding on claims against medical staff regarding denial of adequate care for chronic migraines. After Lovejoy informed the Court that his legal documents had been taken, Judge Yandle ordered on July 18, 2019, that he be provided a copy of the Complaint and merit review order *free of charge. Lovejoy v. Lashbrook,* No. 19-cv-00016, Doc. 44 (S.D. Ill. Jan. 4, 2019). Through initial discovery, he was provided initial disclosures, which

included copies of grievances, grievance logs, cumulative counseling summaries, reports and statements of persons with knowledge of the incidents, and copies of relevant medical records. *See Lashbrook,* Doc. 117. The record indicates that Lovejoy has 8 legal boxes of documents at Western, and he filed "a vast number of documents" in another similar migraine case, No. 19-cv-00021, also before Judge Yandle. *Lashbrook,* Doc. 117. Despite having all these documents in his possession, Lovejoy refused to respond to initial written discovery requests and continued to argue he could not do so because his legal materials had been previously confiscated. He did not, however, specify what discovery he was unable to answer and "made no attempt to provide even partial answers to discovery requests." *Id.* Lovejoy was given several opportunities to respond to discovery and warned three times that failure to respond to discovery may result in sanctions, including dismissal. Judge Yandle dismissed the case as a sanction for his misconduct and failure to respond to discovery. *Id.* Thus, it was due to Lovejoy's own actions that the case was dismissed, and he was provided a free copy of his complaint. **Lovejoy is warned that, going forward, any further misrepresentation to this Court as to any matter large or small, whether in this case or another case before this Court, will result in sanctions.**

## MOTION TO SUBSTITUTE

Lovejoy was directed to file a motion to substitute identifying the John Doe, who is described in the Complaint as an "unknown correctional officer working in personal property" who came to his cell on June 11, 2019, and confiscated his property. (Doc. 1, p. 10). He has not done so. Rather, his motion is more akin to a motion to amend the complaint, as he adds new parties and allegations. He states that inmate Heaton came to his cell on June 11, 2019, and took possession of his personal property, including his legal materials. He argues that Heaton worked for North II property and is paid by IDOC, and thus, was acting under the color of state law when exercising his responsibilities as an inmate worker. Lovejoy asserts that Property Officer White

sent Heaton to his cell to collect his property, and they acted jointly and in conspiracy with one another.

Lovejoy has been advised that he cannot "add parties or amend the complaint through a motion to substitute." (Doc. 31). He has also been instructed on how to amend the complaint, which includes submitting a proposed amended complaint pursuant to Local Rule 15.1, with any new claims or parties underlined. (Doc. 35, 40). Furthermore, Lovejoy has been warned that he cannot amend the Complaint in piecemeal manner and that the proposed amended complaint must stand on its own and include all claims against all defendants. (*Id.*). Because Lovejoy has not identified the John Doe Property Officer, and the motion cannot serve as an amended complaint, the motion is denied.

Furthermore, the Court does not find good cause to extend the deadline and allow Lovejoy additional time to identify John Doe. Lovejoy has served only a single discovery request on Defendant Wills related to John Do, sent December 18, 2020. (Doc. 22, 60). Although provided untimely, he was given responses to that discovery, as well as property inventory log and staff rosters for the relevant date. (Doc. 60). He is still unable to provide any information regarding John Doe, including physical description, badge number, name, past interactions, or witnesses who could assist in identification. (*See* Doc. 53, p. 3; Doc. 68, p. 3). Lovejoy has been provided the name of the inmate, Stuart Heaton, who worked with John Doe on the day his property was confiscated. Lovejoy was also provided the IDOC procedures to follow in order to communicate with Heaton via written correspondence in order to secure an affidavit regarding John Doe's identity. After expressing difficulty in submitting his requests to communicate with another inmate for approval, Defense Counsel conferred with IDOC legal counsel and offered Lovejoy an opportunity to speak with Heaton via video conference, which is a large deviation from IDOC procedure. (Doc. 77, 81). Lovejoy has not contacted Defense Counsel regarding the proposed

video conference plan, nor has he indicated to the Court that he approves the plan and is willing to speak to Heaton under the conditions established by Defense Counsel. Lovejoy has also not requested additional time in order to conduct further discovery regarding John Doe's identity. Instead, he continues to file meritless motions for sanctions arguing that individuals are hindering his ability to litigate this case. (*See* Doc. 28, 32, 59, 80, 83).

Lovejoy has failed to act diligently and timely identify John Doe, and the Court does not find good cause to again extend the deadline to file a motion to substitute. FED. R. CIV. P. 6. Accordingly, John Doe is dismissed from this lawsuit, and this entire case is dismissed with prejudice. *See* FED. R. CIV. P. 4(m); 41(b).

## DISPOSITION

For the reasons stated above, the motion to substitute, the motions for sanctions, and the request for counsel are **DENIED.** (Doc. 73, 78, 80, 83). John Doe and this entire case is **DISMISSED with prejudice.** *See* FED. R. CIV. P. 4(m); 41(b).

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   August 26, 2022

                                     *s/Stephen P. McGlynn*
                                     **STEPHEN P. MCGLYNN**
                                     **United States District Judge**